UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BROOKE BALCHAN,

                Plaintiff,

-against-

NEW ROCHELLE CITY SCHOOL DISTRICT, THE BOARD OF EDUCATION OF NEW ROCHELLE CITY SCHOOL DISTRICT, COREY REYNOLDS, GAIL JOYNER, TRACI JACKSON, JONATHAN RAYMOND, NATALIE ALI, Individually, and as Aiders and Abettors,

                Defendants.

**OPINION AND ORDER**

23-CV-06202 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Dr. Brooke Balchan ("Plaintiff") brings this action against New Rochelle City School District (the "District"), the Board of Education of New Rochelle City School District (the "Board"), Dr. Corey Reynolds ("Dr. Reynolds"), Dr. Gail Joyner ("Dr. Joyner"), Traci Jackson, Jonathan Raymond, and Natalie Ali (collectively, "Defendants"). Plaintiff filed her initial Complaint on July 19, 2023. (Doc. 5). On October 26, 2023, with the Court's leave, Plaintiff filed a First Amended Complaint, alleging that Defendants discriminated and retaliated against her on the basis of religion, in violation of the Fourteenth Amendment under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*. ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq*. ("NYSHRL"). (Doc. 27, "FAC"). Plaintiff also alleges violations of New York Civil Service Law and New York Labor Law ("NYLL"). (*Id.*).

    On May 7, 2024, the Court granted Defendants' motion to dismiss as to Plaintiff's Eighth Claim for Relief (violation of Civil Service Law § 75-b) and Ninth Claim for Relief (only to the

1

extent that it is based on a violation of NYLL § 201-d(2)(c)), and denied the motion as to the remaining claims for relief. (Doc. 40, "Prior Order").[1] Defendants thereafter filed an answer to the Amended Complaint. (Doc. 45). On August 6, 2024, with the Court's leave, Plaintiff filed a Second Amended Complaint. (Doc. 60; Doc. 62, "SAC"). Defendants filed an answer to the Second Amended Complaint on August 20, 2024. (Doc. 63). The parties are currently engaged in discovery. (Doc. 66).

On May 21, 2024, Defendants filed a motion for reconsideration of the portion of the Prior Order that denied their motion to dismiss as to the Fourth and Sixth Claims for Relief. (Doc. 43; Doc. 44, "Def. Br.").[2] Following an extension of time (Doc. 47; Doc. 52), Plaintiff's opposition to Defendants' motion for reconsideration was filed on July 2, 2024. (Doc. 53, "Pl. Br."). The motion was fully submitted upon the filing of Defendants' reply brief in support of its motion for reconsideration on July 24, 2024. (Doc. 57, "Reply").[3]

For the reasons stated herein, Defendants' motion for reconsideration is DENIED.

## **STANDARD OF REVIEW**

A motion for reconsideration "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d

---

[1] The Prior Order is available on commercial databases. *See Balchan v. New Rochelle City Sch. District*, No. 23-CV-06202, 2024 WL 2058726, at *1 (S.D.N.Y. May 7, 2024). However, for ease of reference, the Court cites herein the copy of the Prior Order filed on the docket.

[2] Citations to the parties' filings correspond to the pagination generated by ECF.

[3] The Court assumes the parties' familiarity with the underlying facts and procedural history of this action. Unless otherwise indicated, defined terms and citations herein to documents submitted on the underlying motion have the same meanings and utilize the same format ascribed to them in the Prior Order.

111, 123 (2d Cir. 2003)). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. at 376 (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "Reconsideration . . . is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that the "[t]he standard for granting [a reconsideration] motion is strict . . . ."). Moreover, a motion for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST (2005) Inc.*, 597 F. Supp. 2d at 365.

## ANALYSIS

Defendants advance a single argument in support of their motion for reconsideration— that the Court "overlooked controlling precedent that Hearing Officer Bernstein's factual findings regarding Plaintiff's truthfulness and that she engaged in the conduct alleged in the underlying Section 75 disciplinary hearing are entitled to preclusive effect." (Def. Br. at 4-5). Defendants argue that the Court should have either (i) given preclusive effect to the Hearing Officer's findings regarding the falsity of Plaintiff's statements and dismissed the retaliation claims for relief; or (ii) deferred ruling on the preclusive effects of such findings until summary judgment. (*Id*. at 4-5, 7-12).

Defendants contend in their motion for reconsideration that several of the Hearing Officer's determinations are entitled to preclusive effect. (*Id*. at 5-6 (citing Doc. 35-2 at 24-26)).

3

Defendants' motion for reconsideration is limited to the retaliation claims for relief. (Doc. 43). Accordingly, only those findings of the Hearing Officer which formed the basis of Defendants' request to dismiss the retaliation claims for relief are at issue on this motion for reconsideration. Defendants, in their moving brief, argued that Plaintiff failed to plead the element of protected activity because her complaints of discrimination were not made in good faith. (Doc. 36, "MTD Def. Br." at 26). Defendants explained the basis for their contention that "Plaintiff is estopped from arguing that she had a good faith belief that she was complaining of discrimination," was the following:

> The H.O. found that Plaintiff's October 12th complaint to the Division of Human Resources was predicated upon false allegations of discrimination. Ex. B. The H.O. made the same finding as to Plaintiff's state court lawsuit. Ex. B. The H.O. also made finding that Plaintiff "willfully filed a knowingly false and malicious formal complaint of religious discrimination and harassment against Dr. Corey Reynolds; maliciously and libelously attacking him as antisemitic." Ex. B.

(*Id.*).[4] The Court, in denying the motion to dismiss the retaliation claims, declined to give preclusive effect to the "Hearing Officer's finding that Plaintiff was dishonest and acting in bad faith when she complained of religious discrimination," and noted that the proffered finding "is more appropriately construed as a legal conclusion stemming from the Hearing Officer's analysis of factual findings." (Prior Order at 15).[5] The Court concluded that it could not "determine at this stage that Plaintiff's complaints were not made in good faith." (*Id.* at 15).

---

[4] Defendants' citation to "Ex. B" is a citation to the Report, and Defendants' reference to "H.O." is a reference to the Hearing Officer.

[5] The Court similarly stated, with respect to the findings proffered in support of Defendants' motion to dismiss the discrimination claims for relief, that the Hearing Officer's findings are more properly categorized as "ultimate conclusions based on facts gathered during the hearing." (Prior Order at 13).

4

The crux of Defendants' motion for reconsideration is that the Court misapplied Second Circuit precedent—namely, *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 40 (2d Cir. 2014)—by not concluding that the Hearing Officer's findings are factual findings entitled to preclusive effect. (Def. Br. at 8; Reply at 4). As a threshold matter, Defendants are correct that the Court did not apply the legal framework in *Matusick* for purposes of differentiating legal findings from factual findings in the context of issue preclusion. The Court's analysis did not delve into *Matusick*, or the other arguments made by the parties as to the collateral estoppel issue, because it found that it could not determine at the motion to dismiss stage that Plaintiff's complaints of discrimination were not made in good faith.[6] (Prior Order at 15). *See Devinsky v. Kingsford*, No. 05-CV-02064, 2008 WL 2704338, at *3 (S.D.N.Y. July 10, 2008) ("The Court is not required to delineate every reason for the decisions it makes; it is in the Court's discretion to respond specifically-or not-to arguments made by the parties.").

Rather, the Court's characterization in the Prior Order of the proposed findings as "legal" and "ultimate" conclusions was a commentary on the broad, conclusory nature of the proposed findings, which are a product of the Hearing Officer's fact gathering and credibility determinations and which involve terms that may have legal significance. This contrasts with the cases cited by Defendants in support of their preclusion argument which afford preclusive effect to more narrowed, limited factual findings about whether certain conduct occurred. *See e.g.*, *Matusick*, 757 F.3d at 49 (affording preclusive effect to the factual findings that plaintiff had failed to respond to calls and slept on duty); *see also Garcia v. Yonkers Bd. of Educ.*, 803 F. App'x 441, 443 (2d Cir. 2020)(affording preclusive effect to the factual findings that plaintiff failed to report to work and told a student she would "smack" him).

---

[6] The Court declined Defendants' request to convert the motion to dismiss into a motion for summary judgment. (Prior Order at 8).

In any event, even if the Court had specifically addressed the collateral estoppel issue pursuant to the applicable legal framework in *Matusick* and its progeny, its conclusion in the Prior Order would not change. The record at this stage of the litigation is insufficient to determine which, if any, of the Hearing Officer's findings constitute factual findings. While the Second Circuit has found that whether the plaintiff "committed the charged conduct" may constitute factual findings that are entitled to preclusive effect, *Matusick*, 757 F.3d at 49, here, the Court does not even have a complete record of the charged conduct.[7] Accordingly, the Court declines to determine at the motion to dismiss stage which, if any, of the proposed findings are factual findings.

Moreover, factual findings rendered by administrative officers after conducting Section 75 hearings "are given preclusive effect provided the parties had a full and fair opportunity to litigate." *Thomas v. Town of Southeast*, 336 F. Supp. 3d 317, 325 (S.D.N.Y. 2018) (citing *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 312 (2d Cir. 2005)). "[A] determination whether a full and fair hearing was provided requires consideration of the realities of the [prior] litigation. . .We consider, *inter alia*, the following factors: '1) the nature of the forum and the importance of the claim in the prior litigation; 2) the incentive to litigate and the actual extent of litigation in the prior forum; and 3) the foreseeability of future litigation.'" *Garcia*, 803 F. App'x at 443. Plaintiff argued previously, and maintains the argument now, that she did not have a "full and fair opportunity" to litigate her claim. (Pl. Br. at 11-13; Doc. 38, "MTD Pl. Br." at 14-18). Defendants, in response to that argument, relied on the

---

[7] The Court could and did consider the Report as integral to the pleadings. (Prior Order at 12 n.6). The Report states that Plaintiff "was served with nineteen charges which allege misconduct" and references an attached exhibit, but no exhibit was submitted in connection with the Report. (Doc. 35-2 at 2). The Amended Complaint identifies some of the disciplinary charges asserted against Plaintiff, but these allegations do not account for all nineteen charges and therefore do not constitute a complete record. (FAC ¶¶ 154-155, 274, 276, 278-280, 282, 284, 287, 289).

Hearing Officer's summary of proceedings in the Report, a state court order denying Plaintiff's request for injunctive relief, and a letter from the Hearing Officer to Plaintiff which is not properly considered at the motion to dismiss stage, to establish that Plaintiff had a sufficient opportunity to litigate. (MTD Def. Br. at 20-21(citing Exs. B, M, P); Doc. 35). The record is incomplete without further development as to the extent of Plaintiff's opportunity to litigate her claim, and therefore a ruling on the collateral estoppel issue is premature. *See Casler v. W. Irondequoit Sch. Dist.*, 563 F. Supp. 3d 60, 70 (W.D.N.Y. 2021) ("While the Court may very well conclude that this additional information would require dismissal of Plaintiff's First Amendment claim on summary judgment, the Court does not consider it at this stage of the litigation. Accordingly, the Court finds that the record would benefit from further development . . . and Defendants' motion to dismiss is denied.").

In sum, whether the Hearing Officer's findings constitute factual findings that must be granted preclusive effect requires a more comprehensive analysis that is better suited to the motion for summary judgment stage. Indeed, each case relied on by Defendants to support their preclusion argument was decided at the summary judgment stage or following a judgment at trial. (Def. Br. at 7-13).[8] The Court's Prior Order does not, as Defendants suggest, prevent Defendants from raising the preclusion issue later on in these proceedings. The Court specifically concluded that it "cannot determine *at this stage* that Plaintiff's complaints were not made in

---

[8] *See Matusick*, 757 F.3d at 40 (finding that jury charge was in error because the jury was precluded from finding that plaintiff had not actually engaged in the charged conduct); *Garcia*, 803 F. App'x at 443 (affirming grant of summary judgment); *Clarke-Green v. New York City Dep't of Educ.*, 2022 WL 4643385, at *20 (E.D.N.Y. Aug. 2, 2022) (report and recommendation granting summary judgment); *Thomas*, 336 F. Supp. 3d at 317 (granting summary judgment); *Gonzalez v. City of New York*, 845 F. App'x 11, 16 (2d Cir. 2021) (affirming grant of summary judgment); *Smith v. New York City Dep't of Educ.*, 808 F. Supp. 2d 569, 583 (S.D.N.Y. 2011) (granting summary judgment); *Latino Officers Ass'n v. City of New York*, 253 F. Supp. 2d 771, 787 (S.D.N.Y. 2003) (granting in part and denying in part summary judgment). *But see Saunders v. NYC Dep't of Educ.*, 07-CV-02725, 2010 WL 2816321, at *16 (E.D.N.Y. July 15, 2010) (granting in part and denying in part defendants' motion to dismiss, and denying plaintiff's cross motion for summary judgment).

good faith . . . ." (Prior Order at 15 (emphasis added)). Accordingly, Defendants may, if they are so advised, raise the issue on a more complete record at summary judgment.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate the pending motion sequence (Doc. 43).

SO ORDERED:

Dated: White Plains, New York
      September 27, 2024

_____
Philip M. Halpern
United States District Judge