# GILBERT LAW GROUP

**425 BROADHOLLOW ROAD, SUITE 4**
**MELVILLE, NY 11747-4701**
**631.630.0100**

BY

Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

> Application denied without prejudice for failure to comply with Rule 4(D) of the Court's Individual Practices.
>
> The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 68.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> October 15, 2024

Re: *Balchan v. New Rochelle City School District, et al.*
**Case No. 7:23-cv-06202 (PMH)**

Dear Judge Halpern:

This office represents the Plaintiff, Brooke Balchan ("Plaintiff"), in the above-referenced action. The purpose of this letter is to seek relief from the Court in the form of a directive that defendants schedule dates for the deposition of the individually named defendants to take place as soon as possible in anticipation of the deadline for non-expert depositions. By Order dated September 3, 2024, Your Honor granted the parties' joint request to modify the Scheduling Order [Doc. No. 65]. Pursuant to the Modified Scheduling Order, the deadline to conduct non-expert depositions is currently November 11, 2024.

Plaintiff is extremely averse to seeking Court intervention regarding discovery disputes. However, defendants have allowed plaintiff no alternative course. Cognizant of the November 11, 2024 deadline, and the fact that there are five individually named defendants, plaintiff noticed defendants as to deposition dates on September 13, 2024. At the time, the parties had exchanged discovery demands but had not yet supplied respective responses. Plaintiff served Notices of Deposition in the hope that the parties would work diligently to produce discovery responses in anticipation of the deposition dates and looming non-expert deposition deadline. Provided the November 11, 2024, deadline, and the fact that there are five individually named defendants, it was imperative that the parties worked in good faith to ensure that the discovery process progressed in an efficient manner.

However, it has become palpably clear from defendants actions that they are pursuing an agenda of bad faith dilatory tactics to prevent the timely deposition of the individually named defendants. It is significant to note that plaintiff is currently engaged in her contractual grievance arbitration on the issue of whether just cause exists for her termination as Medical Director at City School District of New Rochelle. The arbitration hearing is scheduled for October 23, 2024, and it is apparent that defendants have unreasonably delayed depositions to avoid having the

individually named defendants be deposed before the arbitration hearing. While defendants' desire to have depositions take place after the contractual arbitration hearing is not necessarily directly relevant to this action, defendants' bad faith attempt to delay depositions makes it impossible for the parties to comply with the November 11, 2024 deadline to conduct non-expert depositions.

Although plaintiff has repeatedly attempted to engage with defendants to work collaboratively to progress discovery, defendants have consistently obstructed any and all such efforts. Plaintiff has repeatedly requested to know when defendants would produce responses to plaintiff's interrogatories and document requests. To date they have failed to do so. Plaintiff has repeatedly requested that defendants confirm or propose alternative dates for the depositions of the individually named defendants. Again, to date, they have refused to do so.

Defendants will undoubtedly claim that they could not produce defendants for depositions because plaintiff had not produced responses to defendants' interrogatories and document demands. By email dated October 4, 2024, plaintiff produced 1,761 documents in response to defendants' discovery demands. By email dated October 9, 2024, plaintiff produced narrative responses to defendants' interrogatories and document requests as well as another 23 responsive documents. However, any excuse relied on by defendants pretending that they could not schedule deposition without these responses is nothing more than a red herring designed to provide plausible cover for their bad faith dilatory tactics.

As plaintiff's former employer, defendants are in exclusive possession, custody, and control of the vast majority of any documentary evidence that plaintiff could produce. Moreover, inasmuch as there is ongoing prior federal litigation involving the same primary actors, most of the evidence has already been produced by both parties. There is also an ongoing contractual grievance arbitration, throughout which the parties have exchanged relevant evidence. As such, defendants have had access to and have been fully familiar with the relevant evidence for years.

Finally, inasmuch as plaintiff's noticed defendants as to proposed deposition dates on September 13, 2024, defendants should have collaborated with plaintiff to anticipate the non-expert deposition deadline, and schedule discovery responses and deposition dates in a way that would addressed their supposed concerns and ensured that discovery progresses efficiently. Plaintiff has consistently sent correspondence to defendants in consideration of the Modified Scheduling Order and in anticipation of non-expert deposition deadline, but has been uniformly met with defendants' obstruction.

The parties request for an extension to discovery was granted on September 3, 2024. Ten days later, on September 13, 2024, plaintiff noticed defendants as to the deponents and proposed deposition dates. One month after the Modified Scheduling Order was granted, plaintiff substantively responded to defendants' discovery demands by producing 1,784 documents. There is no good faith reason defendants could not schedule depositions in the intervening time to allow sufficient opportunity for plaintiff to depose the individually named defendants before the non-expert deposition deadline.

By email dated September 25, 2024, in response to a follow-up email from plaintiff, defendants requested proposed dates for depositions starting mid-October. However, the Notices previously sent to defendants on September 13, 2024, had already noticed depositions of the

individually named defendants to take place October 8, October 15, October 29, November 4, and November 11, 2024. Therefore, at the time of their September 25, 2024 request, defendants knew that plaintiff had already provided them with proposed dates that complied with their request. This was an obvious attempt to further unreasonably delay the discovery process. In response to defendants' September 25, 2024 correspondence, plaintiff re-sent the Notices of Deposition and indicated plaintiff's availability for the month of October for plaintiff's deposition.

By email dated Wednesday, October 9, 2024, plaintiff rebutted defendants' supposed reasoning for refusing to schedule defendants' depositions. Plaintiff also noticed defendants that if defendants fail to schedule defendants' depositions by close of business Friday, October 11, 2024, plaintiff would be compelled to seek judicial intervention. Now, by email dated today, October 14, 2024, defendants' counsel claims that the 1,784 documents produced in response to defendants' discovery demands are somehow deficient. Notably, defendants have failed to identify how that is so. Regardless, if any deficiency can be identified by defendants, it can be addressed through deposition testimony and/or supplemental discovery.

Defendants have finally advised that their discovery responses will "go out this week." Defendants have further advised that plaintiff's deposition can now be scheduled "in anticipation of receiving a complete response," and requested plaintiff's availability "the last week of October/first week of November." This means that plaintiff would have about ten-days to depose the five individually named defendants. Given defendants consistent deliberate efforts to unreasonably delay depositions, this is simply unacceptable. Again, defendants' ridiculous assertion that depositions may not start taking place until 10 days before the deadline because plaintiff's production of thousands of relevant documents is somehow deficient is objectively dilatory.

It is obvious that defendants lack a legitimate basis for delaying depositions. Their efforts to do so are designed to prevent defendants being subject to cross examination at the upcoming arbitration hearing prior to being deposed. Any excuse proffered by defendants claiming otherwise is not supported by fact and is therefore dishonest and illegitimate. Defendants have been in exclusive possession, custody, and control of the relevant evidence for years. They are fully familiar with the contents of any and all documentary evidence. As such, their refusal to schedule depositions in anticipation of their receipt of plaintiff's discovery responses is and was in bad faith.

Notwithstanding plaintiff's consistent efforts to schedule depositions and comply with the Modified Scheduling Order, defendants have responded to all such attempts with obstruction, pretextual excuses, and deliberate delay. Therefore, plaintiff is compelled to seek judicial intervention. Plaintiff respectfully requests that a directive be issued ordering that defendants schedule the deposition of the noticed deponents to take place as soon as is reasonably possible. Plaintiff requests that depositions take place at a reasonable interval to allow time in between each deposition and that plaintiff have enough time overall to complete depositions of all the individually named defendants before the non-expert discovery deadline. To be clear, plaintiff is willing to work with defendants and attempt to accommodate any of their concerns, but not to the detriment of plaintiff's rights and/or ability to pursue her claims.

Thank you for Your Honor's ongoing courtesies and consideration of this matter.

                              Very truly yours,

                              GILBERT LAW GROUP

                              JASON ANDREW GILBERT

cc: Michael A. Miranda, Esq. (by ECF)
    Richard Brian Epstein, Esq. (by ECF)
    Maurizio Savoiardo, Esq. (by ECF)