**G**

425 BROADHOLLOW ROAD, SUITE 4
MELVILLE, NY 11747-4701
631.630.0100

**BY** _____

Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

> Application granted. A conference regarding the discovery issues set forth in Plaintiff's November 12 letter (Doc. 70) will be held on December 3, 2024 at 9:30 a.m. in a courtroom to be determined at the White Plains courthouse. Additionally, Defendant shall, by November 20, 2024, file a letter via ECF explaining its failure to meet and confer and submit a joint letter in compliance with Rule 4(D) of the Court's Individual Practices.
>
> The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 70.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        November 13, 2024

Re: ***Balchan v. New Rochelle City School District, et al.***
    **Case No. 7:23-cv-06202 (PMH)**

Dear Judge Halpern:

This office represents the Plaintiff, Brooke Balchan ("Plaintiff"), in the above-referenced action. The purpose of this letter is to request a conference and/or to seek relief from the Court in the form of an extension in time to conduct non-expert depositions, a directive that Defendants produce responses to Plaintiff's interrogatories and document demands, and a directive that Defendants schedule dates for the deposition of the individually named Defendants. As will be detailed below, counsel for Plaintiff has made multiple efforts to "confer and meet" with Defendants to resolve outstanding discovery disputes. Defendants have uniformly ignored all of Plaintiff's requests and/or efforts. As such, Plaintiff is compelled to file this letter without the participation of Defendants.

Pursuant to the Modified Scheduling Order [Doc. No. 65], the deadline to conduct non-expert depositions is currently November 11, 2024, which was yesterday. On October 14, 2024, Plaintiff filed a letter motion requesting that the Court compel Defendants to schedule depositions. By Order dated October 15, 2024, Your Honor denied Plaintiff's motion, without prejudice, for failure to comply with Rule 4(D) of the Court's Individual Practices

By way of background, Plaintiff noticed Defendants as to deposition dates on September 13, 2024. *See*, Exhibit 1. At the time, the parties had exchanged discovery demands but had not

yet supplied respective responses. In the September 13, 2024, email, Plaintiff wrote, "Kindly advise as to when Defendants will provide responses to Plaintiff's interrogatories and document requests." Provided the November 11, 2024, deadline, and the fact that there are five individually named Defendants, it was imperative that the parties worked in good faith to ensure that the discovery process progressed in an efficient manner.

The Notices of Deposition noticed counsel as to depositions to take place on October 8, October 15, October 29, November 4, and November 11, 2024. By email dated September 25, 2024, counsel for Defendants, Richard Epstein, Esq., requested that Plaintiff "provide dates starting in mid-October for your client, as well as Dates you are available for Defendants' depositions." Obviously, Plaintiff's notices had already provided Mr. Epstein with such dates. Notably, Mr. Epstein failed to advise as to when Defendants would produce their discovery responses.

By email dated October 4, 2024, Plaintiff sent Defendants 1,761 documents responsive to Defendants' document requests. Ex. 3. Plaintiff further advised Defendants that responses to Defendants' interrogatories would be produced the following week. *Id*. Moreover, Plaintiff again requested that Defendants confirm the dates previously noticed for depositions. Plaintiff wrote, "Inasmuch as Dr. Joyner has been noticed that her deposition is to take place October 8, 2024 (next Tuesday), it is imperative that you confirm that date. If you would like to adjourn the deposition, I propose October 15, 2024. As you will know, the vast majority, if not all of the documents produced today are already possessed by Defendants. Please note, as a courtesy, Plaintiff is amenable to performing the deposition remotely via video conference. Kindly advise." *Id*.

By email dated October 4, 2024, Mr. Epstein responded to Plaintiff, "We've already told you that we wouldn't be prepared to discuss deposition dates until we received your responses and had time to analyze and ensure that they were complete." *Id.*. That same day, Plaintiff replied to Defendants as follows:

> I thought your previous communication was that you could not confirm dates until you received Plaintiff's responses. Plaintiff produced responses today so I sought confirmation of dates. I anticipated you would need time so I proposed an alternative date and offered to perform the deposition remotely. I understand you

> need time to review the materials but you already have all the documents we produced. The District is not only in exclusive custody, possession and control of Plaintiff's emails, AESOP records, attendance records, etc., but has conducted the Section 75 hearing, other federal litigation, state litigation, and arbitration. I am not trying to prevent you from having adequate time to prepare but to be fair we have a deadline in 5 weeks and you have had access to the materials for years. There are 5 named Defendants and I need time to schedule the depositions.

*Id*.

Counsel for Defendants, Maurizio Savoiardo, responded, "Understood, but we also need time to coordinate and confirm dates with witnesses, and ensure we receive complete responses to our request. All of this doesn't happen in one day. We'll get back to you on the dates." Again, counsel failed to advise when they would produce discovery responses. Moreover, Defendants' excuses are betrayed by the fact that Plaintiff noticed Defendants as to proposed deposition dates on September 13, 2024 and Defendants had been in possession of the vast majority of relevant evidence for years.

By email dated October 9, 2024, Plaintiff produced narrative responses to Defendants' interrogatories. Plaintiff also produced another 23 responsive files and/or documents. In Plaintiff's email, counsel rebutted Mr. Savoiardo's October 4, 2024, email in full. Plaintiff further wrote:

> It is also concerning that Defendants have yet to provide any indication as to when they will provide responses to Plaintiff's interrogatories and document requests. Or when they will depose Plaintiff. I have repeatedly asked to be advised as to when I can expect to receive discovery responses….Accordingly, should I not receive confirmation of Dr. Joyner's deposition date by 5:00 p.m. on Friday, October 11, 2024, I will be compelled to seek judicial intervention.

*Id*.

By email dated October 15, 2024, Mr. Epstein sent Plaintiff a "Deficiency Letter," in which Defendants made a number of boilerplate and superficial objections and identified so-called deficiencies in Plaintiff's discovery responses. Significantly, at the time Defendants sent Plaintiff their Deficiency Letter, Defendants had not produced a single response, narrative or documentary, to Plaintiff's discovery requests.

By letter dated October 29, 2024, Plaintiff responded to Defendants' so-called "Deficiency Letter." In Plaintiff's responsive letter, counsel wrote:

> Plaintiff's discovery responses were in no-way deficient. Plaintiff's responses were comprehensive, specific, and complete. Any perceived deficiency is nominal, insignificant, and could easily have been address through supplemental discovery.

> Defendants' October 15, 2024 letter includes numerous misrepresentations, half-truths, and complete falsehoods. Moreover, although the deadline for non-expert depositions is less than two-weeks from today, Defendants have yet to produce their interrogatory responses and responses to Plaintiff's document requests. As a result, it is clear that Defendants' so-called deficiency letter is nothing more than a mechanism designed to delay, obstruct, mask Defendants' non-compliance, and prejudice Plaintiff….Nonetheless, notwithstanding the foregoing, with full preservation of all of Plaintiff's rights and subject to and without waiver of the objections set forth throughout Plaintiff's responses to Defendants' discovery demands, Plaintiff addresses the so-called deficiencies below…

*See*, Exhibit 4.

Defendants based its failure to produce any discovery response on a manufactured pretext that Plaintiff's discovery responses, which included some 1,784 documents and files, were somehow deficient and/or non-responsive to Defendants' discovery demands. *See*, Ex. 3. However, given the fact that Plaintiff's responses were responsive and comprehensive, as well as the fact that Defendants already possess the vast majority of relevant evidence, it is obvious that Defendants manufactured this as a pretext to unnecessarily delay discovery and prejudice Plaintiff. *See*, Ex. 4. Indeed, Defendants' bad faith dilatory tactics have left Plaintiff with insufficient time for depositions and forced Plaintiff to expend significant resources with unnecessary motion practice in pursuit of judicial intervention.

> In Plaintiff's October 29, 2024 email, Plaintiff wrote:
> Plaintiff has now produced 1,787 files and documents, interrogatory responses, and addressed the so-called deficiencies you identified before Defendants produced a single response to Plaintiff's discovery demands. There is now less than two-weeks until the already once-extended deadline for non-expert depositions. Defendants' failure to produce responses to Plaintiff's discovery demands is without legitimate justification and has had the intended effect of causing Plaintiff significant prejudice.
> Pursuant to Judge Halpern's Order dated October 15, 2024, Judge Halpern's Individual Practice Rule 4(D), and Local Civil Rule 37.2, kindly advise as to your availability for a telephone conference to "meet and confer" regarding the aforementioned outstanding issues.

*Id*.

Defendant failed to respond to Plaintiff's request to advise as to counsel's availability to meet and confer. As such, by email dated November 1, 2024, Defendant sent Defendants a letter advising:

> Defendants previously communicated that their failure to produce timely responses to Plaintiff's discovery demands was due to a so-called deficiency in Plaintiff's

4

responses. As of October 29, Plaintiff has addressed any such perceived deficiencies. Yet Defendants have still failed to produce any discovery responses whatsoever and ignored my request to provide availability for a telephone conference to discuss discovery disputes…Please advise as to your availability for a telephone conference as soon as possible.

*See*, Exhibit 5.

As of the date of this filing, Defendants have ***still failed to produce any responses to Plaintiff's interrogatories and document requests***. Although Defendants knew that the deadline for conducting non-expert depositions was November 11, 2024, they deliberately failed to produce any discovery before the deadline. Despite receiving Notices of Depositions on September 13, 2024, Defendants have refused to schedule depositions.

It has become palpably clear from Defendants' actions that they are pursuing an agenda of bad faith dilatory tactics. Defendants deliberate actions have prevented Plaintiff from having sufficient time and access to information necessary to pursue her claims, caused Plaintiff to miss the non-expert deposition deadline as set forth in the Modified Scheduling Order, and caused Plaintiff to unnecessarily expend significant resources over the past months in an ongoing effort to compel Defendants to comply with Your Honor's Modified Scheduling Order.

Plaintiff has made numerous good faith attempts to "meet and confer" to resolve this discovery dispute. Defendants initially deliberately manufactured a false pretext to excuse their recalcitrance. Once Plaintiff addressed Defendants' contrived pretext, Defendants uniformly ignored Plaintiff's attempts to meet and confer. As such, any further effort to request that Defendants participate in this letter would have been futile. Accordingly, Plaintiff respectfully requests an extension in time to conduct non-expert depositions, a directive that Defendants produce meaningful and substantial responses to Plaintiff's interrogatories and document demands, that the Court issue directive that Defendants schedule dates for the deposition of the individually named Defendants, and that the Scheduling Order be modified to allow Plaintiff sufficient time to analyze Defendants' responsive materials and prepare for depositions. Alternatively, Plaintiff requests that a conference be scheduled to address the above-described discovery dispute.

Thank you for Your Honor's ongoing courtesies and consideration of this matter.

    Very truly yours,

    GILBERT LAW GROUP

    JASON ANDREW GILBERT

cc: Michael A. Miranda, Esq. (by ECF)
    Richard Brian Epstein, Esq. (by ECF)
    Maurizio Savoiardo, Esq. (by ECF)