# GILBERT LAW GROUP

**425 BROADHOLLOW ROAD, SUITE 405**
**MELVILLE, NY 11747-4701**
**631.630.0100**

> Application granted. **No further adjournments or extensions of this deadline will be granted.**
>
> The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 79.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         March 20, 2025

**BY ELECTRONIC** ~~MAIL~~

Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re: ***Balchan v. New Rochelle City School District, et al.***
    **Case No. 7:23-cv-06202 (PMH)**

Dear Judge Halpern:

This office represents the plaintiff, Dr. Brooke Balchan ("plaintiff"), in the above-referenced action. This letter shall serve to request an extension in time for the parties to submit their Local Civil Rule 56.1 Statement of Fact ("Statement of Facts"). The parties' original deadline for filing the Statement of Facts was March 12, 2025. Plaintiff previously consented to defendants' request for a 2-week extension in time to submit our Statement of Fact, until on or before March 26, 2025. Defendants sent plaintiff their initial draft of the Statement of Fact approximately one-week ago. Plaintiff now respectfully requests, on consent, an extension in time to submit the parties' Statement of Fact, until on or before May 2, 2025. Defendants will then file their pre-motion letter on or before May 7, 2025.

There are a variety of reasons compelling plaintiff's request. Chief among them is that I will be on trial, scheduled to commence April 7, 2025. *See*, *Bertuzzi v. Copiague Union Free School District, et al.*, No. 17-cv-4256 (EDNY) (JS)(ARL). In *Bertuzzi*, there are four named defendants and multiple causes of action for trial. I anticipate trial will last up to two-week. There has been extensive pre-trial motion practice, which has necessarily precluded me from working on defendants' drafted Statement of Facts.

Our office is a boutique law firm comprised of three attorneys. I am the only attorney assigned to the instant case. Thus, I am the only attorney familiar with both the underlying facts and corresponding theories of law. I also have a number of other commitments which will further impede my ability to allocate the minimal attention needed to the Statement of Fact. Additionally, I intend to use this time to assess plaintiff's claims and determine whether the parties can narrow the existing issues before potential motion practice. Finally, following contemplation of possible ways to narrow the issues, the parties will require time to incorporate same, if any, into the Statement of Fact, in advance of the pre-motion conference.

     This is plaintiff's first request for an extension in time to file the parties' Statement of Fact. Defendants have consented to plaintiff's request. Should plaintiff's request be granted, the requested extension will not prejudice any party to this action. Given my calendar and number of claims remaining in the instant action, the requested extension represents the minimum amount of time I require to complete the Statement of Fact.

     Thank you for Your Honor's ongoing courtesies and consideration of this matter.

Very truly yours,

GILBERT LAW GROUP

*/s/ Jason Gilbert/*

JASON ANDREW GILBERT

cc: Michael A. Miranda, Esq. (by ECF)
    Richard Brian Epstein, Esq. (by ECF)
    Maurizio Savoiardo, Esq. (by ECF)