# GILBERT LAW GROUP

**425 BROADHOLLOW ROAD, SUITE 405**
**MELVILLE, NY 11747-4701**
**631.630.0100**

BY ECF

Hon. Philip M. Halpern
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Application granted. Plaintiff's anticipated discovery application (Doc. 87) will be addressed at the currently-scheduled pre-motion conference set for July 7, 2025 at 2:30 p.m. in a courtroom to be determined at the White Plains courthouse.
>
> The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 87.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        June 24, 2025

Re: *Brooke Balchan v. New Rochelle City School District. et al.,*
    **Docket No.: 7:23-CV-06202 (PMH)**

Dear Judge Halpern:

This office represents the plaintiff in the above-referenced action. The purpose of this letter is to request that defendants be precluded from producing, citing to, and/or relying on new post-discovery evidence. By email dated June 18, 2025, defendants notified plaintiff that, in support of their anticipated motion for summary judgment, they intend to cite to new evidence, not previously produced, for the Local Civil Rule 56.1 Statement of Fact ("SOF"). The modified Civil Case Discovery Plan and Scheduling Order ("Scheduling Order") (D.E. 66) directed that all fact discovery be completed by December 26, 2024. Now, approximately six-months later, defendants seek to produce a post-termination, non-binding arbitration award. For the following reasons, defendants should be precluded from doing so.

### I. There is no Basis For Allowing The Post-Discovery Production of Evidence

Defendants seek to produce an arbitration award issued June 17, 2025. The arbitration was a post-termination non-binding grievance arbitration. The arbitration served as a review of the Section 75 disciplinary hearing, which took place during the summer 2023. However, in conducting the arbitration, the Arbitrator declined to consider evidence beyond that which was

produced as part of the Section 75 proceeding. Moreover, the Arbitrator only considered evidence relevant to three narrow issues, none of which were determinative of plaintiff's instant claims.

Following a Section 75, a Hearing Officer issued a Report of Findings and Recommendation (the "Report"). Based on that Report, the Board of Education (the "Board") voted to terminate Dr. Balchan in or around October 2023. Although Dr. Balchan maintained the right to grieve the Board's decision to terminate her, the grievance procedure only culminated in advisory, non-binding arbitration. As such, regardless of the outcome of the arbitration, the Board need not take any action as it has already voted to terminate Dr. Balchan.

The arbitration award, which defendants are belatedly attempting to produce, has no probative value. Alternatively, whatever probative value the Award can offer is easily outweighed by its potentially prejudicial nature. Again, the arbitrator relied almost exclusively on the Section 75 record, which is already part of the instant record. The Arbitrator essentially accepted the Section 75 Hearing Officer's findings without allowing the parties to re-litigate the allegations pursued by the District at the Section 75 proceeding. Moreover, the Board voted to terminate Dr. Balchan nearly two years before the non-binding arbitration award was issued. Therefore, there is no justification for allowing defendants to produce such non-probative evidence at this juncture of the case, as the parties prepare Rule 56 motion papers, some six-months after the cut off of fact discovery.

### II. As There is no Identity of Issue, The Arbitration Award Has no Probative Value

The Second Circuit has held that issue preclusion based on arbitration does not apply to discrimination claim where she has no opportunity to vindicate her statutory rights in that forum. *Siddiqua v. N.Y. State Dep't of Health*, 642 F.App'x 68, No. 15-2702 (2d Cir. 2016). The Court further held that *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), prohibits giving preclusive effect to findings made by an arbitrator in resolving contractual claims. *Siddiqua*, *supra* at 71 n.2. Here, plaintiff's claims constituted independent and plenary grounds for relief which Dr. Balchan could not pursue at arbitration.

This precedent has been followed by Courts throughout this Circuit. *See*, *Miller v. City of Ithaca*, No. 3: 10-CV-597 (BKS/ML) (N.D.N.Y. Nov. 12, 2019) (holding that, although the case involved many of the same factual issues carefully determined in a 2013 arbitration decision, there is no convincing authority for giving the findings preclusive effect…Because the arbitration was conducted pursuant to a CBA that did not cover any statutory claims, Plaintiff is permitted to relitigate the factual issues that comprise his Title VII retaliation claim.); *see also*, *Wilson v. New York*, No. 15 Civ. 23, 2018 WL 1466770, at *9 (E.D.N.Y. Mar. 26, 2018).

> Findings made in arbitration pursuant to a "collective-bargaining agreement [that does] not cover statutory claims," however, are not preclusive in later federal-court proceedings for relief under antidiscrimination statutes. *14 Penn Plaza LLC v. Pyett,* 556 U.S. 247, 262 (2009); *see Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 59-60 (1974) (holding that an arbitrator's findings could not have preclusive effect in a later action brought under Title VII); *McDonald v. City of West Branch,* 466 U.S. 284, 292 (1984) ("We therefore hold that in a [42 U.S.C.] § 1983 action, a federal court should not afford res judicata or collateral-estoppel to effect an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement."). As the Supreme Court has explained, that is because the "contractual right to submit a claim to arbitration" and the "statutory right against discrimination" have "legally independent origins." *Gardner-Denver,* 415 U.S. at 52. The arbitrator's "source of authority" is the "collective-bargaining agreement"; she may only "interpret and apply that agreement in accordance with the industrial common law of the shop." *Id.* at 53 (internal quotation marks omitted). "The arbitrator, however, has no general authority to invoke public laws that conflict with the bargain between the parties," and her decisions therefore have no effect on the "substantive rights" protected by antidiscrimination statutes. *Id.* at 53-54; *see Penn Plaza,* 556 U.S. at 262.

*Figueroa v. Garland*, No. 1: 21-cv-7849-GHW (S.D.N.Y. Dec. 6, 2022).

Significantly, under Title VII and the NYSHRL, a plaintiff need not prove (or plead) that "the causal link between injury and wrong is so close that the injury would not have occurred but for the act." *Lenzi v. Systemax, Inc*., 944 F.3d 97, 107 (2d Cir. 2019), *quoting*, *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343, (2013). The "so-called but-for causation is not the test." *Id*. A plaintiff need only show facts that plausibly allege that "the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative

in the employer's decision." *Id*. (*emph. in original*). Based on the foregoing, it is incontrovertible that the Arbitrator's Award cannot be dispositive of plaintiff's claims.

Therefore, there is simply no basis which would warrant allowing defendants to produce this new evidence at this late state of the litigation. Allowing defendants to produce a non-binding, post-termination arbitration award, six-months after the fact discovery deadline, would be far more prejudicial to plaintiff than any nominal probative value it could offer.

## Conclusion

For all the foregoing reasons, defendants must be precluded from producing, citing to, and/or relying on the Arbitration Award issued June 17, 2025.

Dated: Melville, New York
       June 18, 2025

Respectfully submitted,

GILBERT LAW GROUP

JASON ANDREW GILBERT

cc: Michael A. Miranda, Esq. (*via* ECF)
    Maurizio Savoiardo, Esq. (*via* ECF)
    Richard B. Epstein, Esq. (*via* ECF)