UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BROOKE BALCHAN,

      Plaintiff,

   -against-

NEW ROCHELLE CITY SCHOOL DISTRICT,
THE BOARD OF EDUCATION OF NEW
ROCHELLE CITY SCHOOL DISTRICT,
COREY REYNOLDS, GAIL JOYNER, TRACI
JACKSON, JONATHAN RAYMOND,
NATALIE ALI, Individually, and as Aiders and
Abettors,

      Defendants.

**<u>ORDER</u>**

23-CV-06202 (PMH)

PHILIP M. HALPERN, United States District Judge:

  Dr. Brooke Balchan ("Plaintiff") brings this action against New Rochelle City School District (the "District"), the Board of Education of New Rochelle City School District (the "Board"), Dr. Corey Reynolds ("Dr. Reynolds"), Dr. Gail Joyner ("Dr. Joyner"), Traci Jackson, Jonathan Raymond, and Natalie Ali (collectively, "Defendants"). On May 7, 2025, Defendants filed a pre-motion letter setting forth their anticipated bases for summary judgment and annexed thereto, in accordance with this Court's Individual Rules, the parties' combined 56.1 Statement (the "First 56.1 Statement"). (Doc. 82; Doc. 82-1). On June 9, 2025, the Court held the requested pre-motion conference, at which the Court identified and explained that the First 56.1 Statement was deficient for failure to abide by Rule 56, Local Rule 56.1 and the Court's Individual Practices. (*See* Doc. 84). The pre-motion conference was continued to July 7, 2025 and the parties were directed to meet and confer and file a revised version of the 56.1 Statement by June 23, 2025. (*See* June 9, 2025 Minute Entry). Following an extension of time (Doc. 89), the parties filed their revised combined 56.1 Statement (the "Second 56.1 Statement") on June 30, 2025. (Doc. 93).

1

On July 7, 2025, the parties appeared for the rescheduled pre-motion conference. (*See* July 7, 2025 Minute Entry). During the conference, the Court commented that it would apply Local Civil Rule 56.1 to the Second 56.1 Statement and deem admitted any statement of fact not properly denied when deciding Defendants' anticipated summary judgment motion. On July 10, 2025, Plaintiff filed a motion seeking reconsideration of the Court's statements at the July 7, 2025 conference concerning the Second 56.1 Statement (the "Motion"). (Doc. 94; Doc. 95). Plaintiff also filed a proposed revised 56.1 Statement, attached as Exhibit 1 to Plaintiff's Motion. (Doc. 95-1, the "Third 56.1 Statement"). Defendants opposed (Doc. 98), and Plaintiff filed reply (Doc. 99).

Plaintiff seeks reconsideration of the Court's statements during the July 7, 2025 pre-motion conference that Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 govern the Second 56.1 Statement. That application is denied. It is well-settled that Rule 56 and Local Rule 56.1 govern 56.1 Statements filed in this court. *See Malarczyk v. Lovgren*, No. 22-504, 2023 WL 8073099, at *1 (2d Cir. Nov. 21, 2023). Therefore, as reconsideration is an "extraordinary remedy," and as Plaintiff fails to persuasively point to any "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," the Motion cannot succeed. *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

However, the Court exercises its discretion to permit Plaintiff's second round of revisions to the document and will accept the Third 56.1 Statement. (Doc. 95-1). Accordingly, the Court deems Doc. 95-1 as the operative 56.1 Statement for purposes of Defendants' anticipated motion for summary judgment.

For the foregoing reasons, the motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate the pending motion sequence (Doc. 94).

Dated: White Plains, New York
      September 8, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge