UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BROOKE BALCHAN,                          :
                Plaintiff,        :

v.                                       :
 
NEW ROCHELLE CITY SCHOOL                 :
DISTRICT, THE BOARD OF EDUCATION         :       **ORDER**
OF NEW ROCHELLE CITY SCHOOL              :
DISTRICT, COREY REYNOLDS, GAIL           :       23 CV 6202 (VB)
JOYNER, TRACI JACKSON, JONATHAN          :
RAYMOND, NATALIE ALI, Individually, and  :
as Aiders and Abettors,                  :
 
                Defendants.       :
------------------------------------------------------------x

Before the Court is defendants' motion for reconsideration (Doc. #124) of the Court's

Opinion and Order dated May 22, 2026 (Doc. #123) ("Opinion"), in which the Court, among

other things, denied defendants' motion for summary judgment on plaintiff's Family Medical

Leave Act ("FMLA") interference claim (Count VII), and declined at that time to dismiss

plaintiff's Pregnant Workers Fairness Act ("PWFA") claim (Count IV); Fair Labor Standards

Act ("FLSA") and New York Labor Law ("NYLL") § 206-c claims (Count VI); and Section

1983 claims for violation of the Equal Protection Clause for religious and pregnancy

discrimination (Counts IX and X) (together, the "Remaining Claims").

For the reasons set forth below, the motion for reconsideration is DENIED.

The parties' familiarity with the factual and procedural background of this case is

presumed.

1

## DISCUSSION

I.     Legal Standard

"To prevail on a motion for reconsideration, the movant must demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001).[1]

The motion "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000) (citing Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." In re Platinum-Beechwood Litig., 2019 WL 3759171, at *2 (S.D.N.Y. July 23, 2019).

II.     Analysis

Defendants move for reconsideration on plaintiff's FMLA interference claim and on the Remaining Claims. The Court will address each in turn.

A.     FMLA Interference Claim (Count VII)

Defendants argue they are entitled to reconsideration on plaintiff's FMLA intereference claim because (i) plaintiff failed to establish prejudice and (ii) was not eligible for FMLA leave.

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

The Court disagrees.

Defendants failed to raise these arguments in their motion for summary judgment. In their motion, defendants argued only that the FMLA interference claim should be dismissed because (i) plaintiff did not give sufficient notice that she sought FMLA leave and, (ii) in any event, she ultimately was not denied benefits to which she was entitled under the FMLA. (Doc. #108 at 20).[2] "[A] motion for reconsideration cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been considered." Miss Jones LLC v. Stiles, 2019 WL 3034906, at *3 (S.D.N.Y. July 10, 2019). Defendants offer no explanation for their failure to include these arguments. Accordingly, the Court finds defendants have failed to offer any reason warranting reconsideration of its prior decision denying summary judgment on plaintiff's FMLA interference claim.

B.    Remaining Claims (Counts IV, VI, IX, X)

In the Opinion, the Court found defendants did not make any specific arguments as to why they are entitled to summary judgment on the Remaining Claims. Now defendants argue they are entitled to reconsideration on the Remaining Claims, specifically plaintiff's: (i) PWFA claim because she was not denied any accommodation to which she was entitled; (ii) NYLL § 206-c claim because there is no private right of action; (iii) FLSA claim because no reasonable jury could find plaintiff was denied accommodation for breastfeeding or that she was discriminated or retaliated against for breastfeeding; and (iv) Section 1983 claims because the

---

[2]    In their reply brief in support of summary judgment, defendants stated that plaintiff cannot claim "she would have changed her leave request in order to comply with the FMLA notice requirements." (Doc. #114 at 8). That is not the same as arguing, as they do now, that plaintiff "failed to identify any possible way that her leave could have been structured to avoid disciplinary action." (Doc. #125 at 3). Because they did not squarely raise this argument in their motion for summary judgment or their reply in support, it is not a proper basis for reconsideration.

3

adverse employment action would not have occurred "but for" the plaintiff's religion or pregnancy-related status. But, again, "the Court cannot reconsider arguments that were never presented in the first instance." Weida Freight Sys., Inc. v. Jetson Elec. Bikes LLC, 2026 WL 1041940, at *1 (E.D.N.Y. Apr. 17, 2026). As with the FMLA interference claim, none of the above arguments was raised in the summary judgment motion, and defendants again fail to offer any explanation for not including these arguments. As stated in the Opinion, the appropriate next steps as to plaintiff's PWFA, FLSA, NYLL § 206-c and Section 1983 claims will be addressed at the case management conference on June 23, 2026, at 2:30 p.m.

## CONCLUSION

The motion for reconsideration is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #124).

Dated: June 22, 2026
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

4